```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| SHAWN FORSBERG, | HON. JEROME B. SIMANDLE |
| Plaintiff, | Civil No. 09-4244 (JBS) |
| v. | |
| WARDEN, | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE**, District Judge:

This matter is before the Court upon Petitioner's motion to compel Respondent to provide Petitioner with unpublished cases and to extend Petitioner's time to reply [Docket Item 8]. THE COURT FINDS AS FOLLOWS:

1. <u>Pro Se</u> Petitioner, Shawn Forsberg, is a prisoner at the Federal Correctional Institution in Fort Dix, New Jersey. He brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on August 19, 2009. Petitioner is currently incarcerated on a drug distribution conviction, and was previously convicted of unarmed robbery. He challenges a Bureau of Prisons (BOP) regulation interpreting 18 U.S.C. § 3621(e), a statute that provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons." § 3621(e)(2)(B). The applicable BOP regulation excludes from eligibility for early release those inmates who

have been previously convicted of robbery.  28 C.F.R. § 550.58(b)(4).

2.  In his present motion, Petitioner seeks to compel Respondent to provide to him copies of the unpublished cases to which Respondent referred in its answer; extend Petitioner's time to file a reply; and compel Respondent to provide to Petitioner copies of any unpublished cases that are adverse to Respondent's position in this matter.

3.  In response to the motion, Respondent alleges that it has now provided Petitioner with copies of the cases it cited, and consents to the extension of time.  Respondent maintains that the first request is therefore moot, and consents to the second request.  However, Respondent opposes an order compelling it to provide copies of any unpublished cases that are adverse to Respondent's position.

4.  The Court agrees with Respondent that the question of whether to order the provision of those cases already cited is moot.  The Court will also grant Petitioner's request for an extension of time because of the difficulties he faces in conducting legal research.

5.  The remaining question is whether to order Respondent to provide copies of any unpublished cases that are adverse to Respondent's position.  Petitioner maintains that the Model Rules of Professional Conduct, and specifically Rule 3.3(a)(2), compel

Respondent to provide the cases.  Rule 3.3, Candor Toward The Tribunal, provides in relevant part that "A lawyer shall not knowingly fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel."  Rule 3.3(a)(2).  New Jersey's implementation of the model rules uses the identical language as MPC Rule 3.3(a)(2), and is imposed upon attorney's appearing in this Court by Local Civil Rule 103.1(a).

6.   Respondent avers that it is not aware of authority, published or unpublished, in the controlling jurisdiction that is directly adverse to Respondent's position.  (Resp. Br. 3-4.)  The rule requiring candor toward the tribunal requires only that "legal authority in the controlling jurisdiction known to the lawyer" be disclosed.  The rule does not compel Respondent to research and provide all cases, from any jurisdiction, that might support Petitioner's position.  To do so would be to order Respondent to perform Petitioner's research for him, which goes well beyond the scope of what is contemplated in Rule 3.3, a rule that is concerned with preventing attorneys from presenting arguments to the Court they know to be contradicted by controlling precedent.

7.   The Court recognizes that Petitioner is unable to access unpublished cases.  Petitioner seems to be concerned that

Respondent will cite unpublished cases from outside the controlling jurisdiction without informing the Court of unpublished cases from other circuits that are adverse to its position.  However, Petitioner can be assured that the Court will not rely exclusively on the cases provided to it by Respondent.  To the extent that there is persuasive legal authority that would support Petitioner's position, the Court will find it through its own research.

    8.  Finally, in a letter to the Court on January 4, 2010, Petitioner informally asks for the alternative relief of the appointment of a pro bono attorney to his case.  The Court will order that the proper packet be sent by the clerk of court to Petitioner to allow him to properly move for appointment of counsel.

    9.  The accompanying Order shall be entered.


**January 13, 2010**       **s/ Jerome B. Simandle**
Date       JEROME B. SIMANDLE
     United States District Judge