**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
                                    :
SHAWN FORSBERG,                     :
                                    : Civil Action No. 09-4244 (JBS)
          Petitioner,               :
                                    :
     v.                             :      **O P I N I O N**
                                    :
WARDEN F.C.I. FORT DIX,             :
                                    :
          Respondent.               :
_____ :

**APPEARANCES:**

   SHAWN FORSBERG, Petitioner Pro Se
   #98005-012
   FCI Fort Dix
   P.O. Box 2000
   Fort Dix, New Jersey  08640

   MARK CHRISTOPHER ORLOWSKI, AUSA
   OFFICE OF THE U.S. ATTORNEY
   402 East State Street, Room 430
   Trenton, New Jersey  08608
   Attorney for Respondent

**SIMANDLE, District Judge**

   Petitioner Shawn Forsberg, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), has submitted a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241.[1]  The respondent is

---

   [1] Section 2241 provides in relevant part:

   (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts

the Warden at FCI Fort Dix. Counsel for the Government filed a response to the petition, including the relevant administrative record of the case (Docket entry no. 7). Petitioner filed a reply or traverse on February 16, 2010 (Docket entry no. 17).[2]

Because it appears from a review of the submissions and record that Petitioner is not entitled to relief, the petition will be denied.

---

and any circuit judge within their respective jurisdictions.
    * * *
(c) The writ of habeas corpus shall not extend to a prisoner unless-... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ....

[2] Petitioner filed a motion to compel the provision of unpublished cases cited by Respondent, to compel the provision of unpublished cases from all jurisdictions supporting his position, and a request for an extension of time to file a reply or traverse. (Docket entry no. 8). Respondent opposed the motion. (Docket entry no. 9). On January 14, 2010, this Court issued a Memorandum Opinion and Order granting Petitioner an extension until February 19, 2010 to file his reply/traverse, but denying the remainder of Petitioner's requests. (Docket entry nos. 12 and 13). Thereafter, Petitioner filed a motion for appointment of counsel (Docket entry no. 14) and a motion for reconsideration of the Court's January 14, 2010 Order (Docket entry no. 15). Respondent filed an opposition to Petitioner's motion for reconsideration on February 12, 2010 (Docket entry no. 16). Because this Court has determined that this Petition has no merit and should be denied, Petitioner's motions for appointment of counsel and for reconsideration of the motion for provision of unpublished court decisions supporting Petitioner's case will be denied as moot.

I.   BACKGROUND

A.   Factual Background

Petitioner, Shawn Forsberg ("Forsberg") was convicted in the United States District Court for the Western District of Texas, for conspiring to possess with the intent to distribute a quantity of cocaine greater than 5 kilograms, in violation of 21 U.S.C. §§ 841 and 846.  On December 4, 2007, Forsberg was sentenced to a term of 63 months in prison.  (See Declaration of Tara Moran ("Moran Decl.") at Exhibit 1, page 3).  On May 27, 2008, Forsberg was designated to serve his federal sentence at FCI Fort Dix.  (Moran Decl., Ex. 1, page 1).

On October 1, 2008, Forsberg was deemed eligible to participate in the Residential Drug Abuse Treatment Program ("RDAP") at FCI Fort Dix, but was not eligible for a sentence reduction under 18 U.S.C. § 3621(e), because of a prior adult conviction for unarmed bank robbery.[3]  (Moran Decl., Ex. 3 and Ex. 1 at pp. 8-12).  On October 24, 2008, the legal department at FCI Fort Dix reviewed Forsberg's Presentence Investigation Report ("PSIR") and confirmed that his prior conviction for unarmed bank robbery would preclude Forsberg from eligibility for early release under 18 U.S.C. § 3621(e).  (Moran Decl., Ex. 4).  On

---

[3] On January 3, 1994, Forsberg had been sentenced in the United States District Court for the Central District of California to a 57-month prison term for unarmed bank robbery in violation of 18 U.S.C. § 2113(A).  The sentence was later reduced to 46 months in prison.  (Moran Decl., at Ex. 1, pg. 9).

3

June 22, 2009, Forsberg began his RDAP at FCI Fort Dix.  (Moran Decl., Ex. 5).

Forsberg's projected release date, assuming that he receives all good conduct time ("GCT") due him, is April 8, 2011.  (Moran Decl., Ex. 1, pg. 3).

The Government concedes that Forsberg has exhausted his administrative remedies before bringing this action.

B.  <u>Petitioner's Claims for Relief</u>

In his petition, Forsberg asserts that the BOP's rule that categorically excludes inmates from the benefit of early release upon successful completion of an RDAP simply because they have a prior conviction based on an act of violence violates Section 706(2)(A) of the Administrative Procedures Act.  Forsberg also contends that the rule of lenity should be applied in his favor this instance.  He relies substantially on the decision issued by the United States Court of Appeals for the Ninth Circuit in <u>Arrington v. Daniels</u>, 516 F.3d 1106 (9th Cir. 2008).

In his reply to the Government's answer to the petition, Forsberg reiterates his arguments but emphasizes that the BOP's categorical exclusion in his case is based on an "ancient" conviction, that is, a prior conviction which is not the basis for his current imprisonment.  In addition, Forsberg contends that the BOP's recent promulgation of 28 C.F.R. § 550.55 is inapplicable to his case.  This Court observes, however, that the

4

Government does not rely on the recent regulation under § 550.55, but instead applies § 550.58 as that was the rule in effect when Forsberg's eligibility for early release was determined.

## II.  ANALYSIS

A.  Standard of Review

United States Code Title 28, Section 2243 provides in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Forsberg is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

B.  An Overview of the RDAP

The Violent Crime Control and Law Enforcement Act of 1994 ("VCCLEA") amended 18 U.S.C. § 3621 to require the BOP to "make available appropriate substance abuse treatment for each prisoner

5

the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b). To carry out this requirement, the BOP must provide residential substance abuse treatment for all eligible inmates, subject to the availability of appropriations. 18 U.S.C. § 3621(e)(1). An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii). As an incentive for the successful completion of the residential treatment program, the BOP *may*, in its discretion reduce an inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2)(B); see also Lopez v. Davis, 531 U.S. 230 (2001).

The incentive provision of the statute reads, in pertinent part:

> The period a prisoner convicted of a *nonviolent offense* remains in custody after successfully completing a treatment program *may* be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621(e)(2)(B). (Emphasis added).

The BOP has promulgated regulations at 28 C.F.R. § 550.56 to implement the statutory requirement. According to the regulations, in order to be considered for a residential treatment program, an inmate must have a verifiable drug abuse problem, must have no serious mental impairment which would

6

substantially interfere with or preclude full participation in the program, must sign an agreement acknowledging his program responsibility, and must ordinarily be within 36 months of release and the security level of the residential program institution must be appropriate for the inmate.  28 U.S.C. § 550.56(a).  Participation in the program is voluntary, but all decisions on placement are made by the drug abuse treatment coordinator.  See 28 C.F.R. § 550.56(b).  The application of § 550.56 is set forth in BOP Program Statement 5330.10.[4]

In these regulations, the BOP defined prisoners who had not been convicted of a nonviolent offense, and who thus were ineligible for early release, as those prisoners who were currently incarcerated for committing a crime of violence as defined in 18 U.S.C. § 924(c)(3).  The BOP also excluded from early release eligibility those inmates who had a prior federal and/or state conviction for homicide, forcible rape, robbery, or aggravated assault.  28 C.F.R. § 550.58 (1995); see 60 Fed. Reg. 27,692, at 27,695 (May 25, 1995).  Following the promulgation of

---

[4] Program Statement 5330.10 defines the RDAP as consisting of three components: (1) a 500-hour minimum unit-based residential program; (2) an institution transition phase, which requires participation for a minimum of one hour a month over a period of 12 months after successfully completing the unit-based program; and (3) a community transitional services program where the inmate is transferred to a halfway house or home confinement for a period lasting up to six months.  Successful completion of the RDAP occurs upon successful completion of each of these three components of the RDAP.  See 28 C.F.R. §§ 550.56, 550.59.

this 1995 regulation, the Courts of Appeals reached differing conclusions on the question of whether the BOP had discretion to further define a crime of violence as an offense involving a firearm, and thus exclude from eligibility for the early release incentive those prisoners who were incarcerated for such offenses. See generally Lopez v. Davis, 531 U.S. at 234-35.[5]

---

[5] In Lopez, the Supreme Court held that it was a proper exercise of discretion by the Bureau of Prisons to categorically deny eligibility for early release to prisoners with "a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses," 28 C.F.R. § 550.58(a)(1)(iv), or to prisoners whose current offense is one of certain enumerated felonies involving the use or attempted use of force, or involving the carrying, possession, or use of a firearm or other dangerous weapon, or involving sexual abuse upon children, 28 U.S.C. § 550.58(a)(1)(vi). In reaching this conclusion, the Court first noted that the language of § 3621(e)(2)(B) grants the Bureau discretion to reduce a prisoner's sentence for successful completion of a substance abuse treatment program, but fails to define any parameters by which the Bureau should exercise that discretion.
> In this familiar situation, where Congress has enacted a law that does not answer "the precise question at issue," all we must decide is whether the Bureau, the agency empowered to administer the early release program, has filled the statutory gap "in a way that is reasonable in light of the legislature's revealed design." We think the agency's interpretation is reasonable both in taking account of preconviction conduct and in making categorical exclusions.

Lopez, 531 U.S. at 242 (citing, inter alia, Chevron, U.S.A., Inc. v. National Resources Defense Council, Inc., 467 U.S. 837, 842 (1984))(other citations omitted). Thus, "the statute's restriction of early release eligibility to nonviolent offenders does not cut short the considerations that may guide the Bureau." Lopez, 531 U.S. at 242. See also Magnin v. Beeler, 110 F.Supp.2d 338 (D.N.J. 2000) (upholding 28 C.F.R. §550.58(a)(1)(vi), before Lopez, as a valid exercise of the Bureau's discretion).

Given the split among the Circuits, the BOP promulgated an interim regulation on October 15, 1997, and made the regulation effective approximately one week prior, on October 9, 1997.  28 C.F.R. § 550.58(a)(1)(vi)(B)(1997); 62 Fed. Reg. 53,690.  The 1997 interim regulation, like the one it superceded, made ineligible for the early release incentive those prisoners incarcerated for an offense that involved the possession, use, or carrying of a firearm.  28 C.F.R. § 550.58(a)(1)(vi)(B).  The 1997 interim regulation differs from the 1995 regulation by relying on "the discretion allotted to the Director of the Bureau of Prisons in granting a sentence reduction to exclude [enumerated categories of] inmates," 62 Fed. Reg. At 53,690, rather than purporting to define the statutory terms "prisoner convicted of a nonviolent offense" or "crime of violence."  Most notably, however, for purposes here, the interim regulation did not change the exclusion for those inmates with prior convictions for violent offenses, and actually added inmates with prior convictions for sexual abuse of a minor to those deemed ineligible for early release under § 3621(e).

The commentary accompanying publication of the 1997 interim regulation noted that the BOP was "publishing this change as an interim rule in order to solicit public comment while continuing to provide consideration for early release to qualified inmates." 62 Fed. Reg. At 53,690.  Nevertheless, the effect of the

9

implemented interim regulation was to deny program eligibility to certain categories of inmates confined at that time and until promulgation of a final regulation.  The commentary to the interim regulation further provided that comments on the interim rule were due on December 15, 1997, and that the comments would be considered before final action was taken.[6]

Three years later, on December 22, 2000, the BOP replaced the 1997 interim regulation with a final regulation, which adopted the 1997 interim regulation without change.  See 65 Fed. Reg. 80,745.  The final regulation was effective as of December 22, 2000.  Id.  The commentary accompanying the final regulation noted that the BOP had received and considered approximately 150 comments from individuals and organizations, 138 of which were identical.  Id. at 80,747.  Thus, the final regulation read, in pertinent part, as follows:

> Consideration for early release.
>> An inmate who was sentenced to a term of imprisonment pursuant to the provisions of 18 U.S.C. Chapter 227, Subchapter D for a nonviolent offense, and who is determined to have a substance abuse problem, and successfully completes a residential drug abuse treatment program during his or her current commitment

---

[6] In Lopez v. Davis, while the Supreme Court held that the 1997 interim regulation's categorical exclusion of prisoners based on their involvement with firearms in connection with the commission of a felony was a permissible exercise of the Bureau's discretion, the Court declined to consider the arguments of various *amici* that the 1997 interim regulations violated the notice-and-comment provisions of the APA, as that argument had not been raised or decided below, or presented in the petition for certiorari.  531 U.S. at 230, 244 n.6.

10

>    may be eligible, in accordance with paragraph (a) of this section, for early release by a period not to exceed 12 months.
>    (a) Additional early release criteria.
>    (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:
>    . . .
>    (iv) Inmates who have a prior felony or misdemeanor conviction for homicide, forcible rape, robbery, or aggravated assault, or child sexual abuse offenses[.]

5 U.S.C. § 550.58(a)(1)(iv)(2000).[7]

   The Administrative Procedure Act ("APA") requires, with exceptions not relevant here, that proposed rules be published in the Federal Register, not less than 30 days before the proposed rule's effective date, and provide a period for interested persons to comment on the proposed rule, which comments are to be considered by the agency prior to adopting the rule.  See 5 U.S.C. § 553(b), (c), (d).

   Following promulgation of the 1997 interim regulation, the United States Court of Appeals for the Ninth Circuit determined that the 1997 interim regulation was invalid, for failure to follow the notice-and-comment requirements of the APA.  See Paulsen v. Daniels, 413 F.3d 999 (9th Cir. 2005).  The 2000 final

---

   [7] Effective March 16, 2009, this regulation was revised and is now codified as 28 C.F.R. § 550.55.  Because the decision to exclude Forsberg from early release consideration was completed in October 2008, the earlier regulation as set forth above was utilized by the BOP in Forsberg's early release determination, and this Court will not consider the new regulation as applicable.

11

rule, however, complied with the notice-and-comment requirements. More recently, the Court of Appeals for the Ninth Circuit has held that the final 2000 rule is invalid, nevertheless, as "arbitrary and capricious" in violation of § 706(2)(A) of the APA, for failure to set forth a rationale for its categorical exclusion rule.  Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).  As noted above, it is clear from the Petition that Forsberg is substantially relying on the Ninth Circuit's decision in Arrington.

C.  Petition Must Be Denied

   1. *The BOP's Categorical Exclusion Does Not Violate the APA*

   Forsberg argues that the BOP's categorical exclusion from early release eligibility for those inmates with prior convictions of violent offenses violates the APA because it is arbitrary and capricious.  This argument is based on the Ninth Circuit's decision in Arrington.

   The Arrington decision concerns the issue of an inmate's current conviction of a non-violent offense (such as drug trafficking) involving the possession of a firearm. Consequently, it is not applicable here, where Forsberg's ineligibility for early release is based on a prior conviction for a violent offense (namely, his bank robbery conviction). However, even if Arrington was applicable to petitioner, it does not aid Forsberg's argument for early release eligibility.

Indeed, the Court of Appeals for the Third Circuit has recently rejected Arrington, as have all other circuit courts considering the issue. See Snipe v. Dept. of Justice, 2008 WL 5412868 (N.D.W.Va. Dec. 23, 2008)(collecting cases). In Gardner v. Grondolsky, 585 F.3d 786 (3d Cir. 2009), the Court of Appeals examined the petitioner's challenge to the BOP regulation categorically excluding felons whose offense involved possession of firearms from early release based upon participation in RDAP. The Court of Appeals concluded that "the BOP articulated a sufficient rationale for 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000) to satisfy the 'arbitrary and capricious' standard set forth in APA § 706(2)(A). Although the BOP's public safety rationale was not explicit in the Federal Register notices for the 1997 or 2000 regulations, we conclude that the rationale may 'reasonably be discerned' from the regulatory history and attendant litigation." Gardner, 585 F.3d at 792 (citing Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983) and Gatewood v. Outlaw, 560 F.3d 843, 847 (8th Cir. 2009)). The Court of Appeals went on to hold:

> ... the BOP's efforts to categorically exclude felons
> convicted of possession of a dangerous weapon from
> eligibility for early release have remained consistent since
> 1995. The BOP amended the 1995 version of its regulation
> only because it could no longer uniformly apply it after the
> split among the Courts of Appeals developed concerning the
> BOP's Program Statement; the BOP expressly referred to the
> Circuit split in both its 1997 and 2000 Federal Register
> notices. Because the litigation focused on the BOP's
> Program Statements, we find it both reasonable and

13

> appropriate to consider the Program Statements when discerning the agency's rationale for promulgating the 1997 and 2000 regulations.
>
> The BOP Program Statements expressly provide that the BOP's contemporaneous rationale for the categorical exclusion has consistently been for the purpose of protecting public safety. Courts reviewing the regulation have long recognized the BOP's public safety rationale. See, e.g., Pelissero[v. Thompson], 170 F.3d [442,] 445 [4th Cir.1999](quoting the district court's conclusion that it is "entirely reasonable and certainly not arbitrary for the BOP to equate gun possession and drug dealing with violence, thus supporting its interpretation of not being a 'nonviolent offense'"); Venegas v. Henman, 126 F.3d 760, 765 (5th Cir. 1997)(the BOP's "determination that a sufficient nexus exists between the offenses at issue and a substantial risk of violence is a valid exercise of discretion which this Court will not disturb").

Gardner, 585 F.3d at 792 (internal citations omitted).

Furthermore, the Court of Appeals found that the Arrington court discounted the aspect of Lopez, which upheld the reasonableness of the 1997 interim regulation and the public safety rationale asserted by the BOP. See id. at 792-93. Additionally, the Court of Appeals asserted that, "the language of the regulation itself facially manifests a concern for protecting the public safety," and explained that the regulation denied eligibility for early release to other categories of prisoners who committed crimes demonstrating a potential for violence, including homicide, rape, robbery, etc. See id. at 793 (citing 28 C.F.R. § 550.58(a)(1))(other citation omitted).

Indeed, with respect to the categorical exclusion for inmates with a prior conviction for homicide, forcible rape,

14

robbery and aggravated assault, the BOP sufficiently explained that those categories of offenses were used as an indicator of violence because they were reported under the FBI Violent Crime Index.  Those courts that have reviewed the categorical exclusion for prior violent offenses have consistently upheld the BOP's reasons for determining that these enumerated past crimes are considered violent.  See Zacher v. Tippy, 202 F.3d 1039, 1044-45 (8th Cir. 2000)(finding the BOP's method of determining those enumerated offenses as violent to be a reasonable interpretation of § 3621(e)); Redmon v. Wiley, 349 Fed. Appx. 251, 257 (10th Cir. 2009)(concluding that the BOP's use of the FBI Uniform Crime Index in determining the violent offenses listed under § 550.58(a)(1)(iv) to be reasonable); Brendle v. Craig, 2009 WL 1360319, *4-5 (S.D.W.Va.  May 13, 2009); Dotson v. Eichenlab, 2008 WL 362771, *3 (E.D. Mich.  Feb. 11, 2008); Cole v. Andrews, 2005 WL 1828812, *5-6 (E.D. Cal.  July 27, 2005)(holding that petitioner's prior conviction for unarmed robbery qualified under § 550.58(a)(1)(iv) and petitioner's ineligibility for early release was properly determined).

Consequently, this Court finds that the BOP's public safety rationale and the use of the FBI Violent Crime Index to identify the category of violent offenses are sufficient justification for the categorical exclusion under § 550.58(a)(1)(iv), and clearly satisfies the APA's requirements.  See Gardner, 2009 WL 3416153

at *4.  Therefore, based upon the Gardner case, Forsberg was properly denied early release eligibility under § 3621(e) based on his 1994 conviction for unarmed bank robbery, and he is not entitled to relief on this claim.  See Thompson v. Outlaw, 138 Fed. Appx. 893 (8th Cir. 2005(per curiam)(BOP properly determined that petitioner was not eligible for early release based on his prior robbery conviction); Cole v. Andrews, supra.

    2.  *Petitioner's Prior Conviction Precludes Early Release*

Next, Forsberg argues that his prior conviction for unarmed bank robbery is "ancient" and thus, too old to be a valid basis for exclusion from early release eligibility.  Forsberg was convicted in 1994 for unarmed bank robbery in violation of 18 U.S.C. § 2113(A).  This offense is defined as follows:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
>
> 1. Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association and in violation of any statute of the United States, or any larceny --
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(A).

16

The language of this criminal statute plainly meets the definition of robbery under 28 C.F.R. § 550.58(a)(1)(iv). Moreover, there is no time limit connected to prior conviction for a violent offense under § 550.58(a)(1)(iv). In fact, courts have held that old convictions for a violent offense under § 550.58(a)(1)(iv) can be used to preclude early release eligibility under § 3621(e). See <u>Caputo v. Clark</u>, 132 F.3d 36 (7th Cir. 1997)(involving a twenty-year old conviction); <u>Pitts v. Zych</u>, 2009 WL 1803208 (E.D. Mich. June 19, 2009)(involving a 27-year old conviction; finding there was no "staleness" or "statute of limitations" component to the BOP's consideration of prior convictions when determining eligibility for early release under § 3621(e)).

Indeed, the BOP specifically considered the issue of prior convictions for violent offenses older than 15 years in the notice-and-comment period for 28 C.F.R. §550.58. The BOP concluded that where such prior conviction for a violent offense was included in the PSIR, as was in Forsberg's case, it would be in accordance with Congressional intent to use the prior conviction as a disqualifying criterion. 65 Fed. Reg. 80746 (2000).

Therefore, this Court concludes that Forsberg's 17-year old conviction for unarmed bank robbery was properly used by the BOP in disqualifying him from early release eligibility.

17

3.  *The "Rule of Lenity" Is Inapplicable*

Forsberg also contends that the "rule of lenity" should apply to him because § 3621 is ambiguous.  This Court agrees with respondents that the rule of lenity is inapplicable here because the statute at issue is not a criminal or punitive statute.  See United States v. One 1973 Rolls Royce, 43 F.3d 794, 819 (3d Cir. 1994)(rule of lenity requires that ambiguities in a criminal or punitive statute be resolved in favor of defendants).  Section 3621(e) is not a penal statute.  Moreover, the issue of whether Forsberg should be entitled to early release upon successful completion of an RDAP does not implicate an active criminal prosecution or extend a criminal sentence already imposed.

Finally, Forsberg does not allege any ambiguity in the statute sufficient to invoke the Rule of Lenity.  He simply argues that § 3621(e) expressly provides an "incentive' for inmates to participate in a drug abuse treatment program.  In fact, the statute clearly provides that the decision to grant early release to an inmate upon completion of an RDAP is vested in the discretion of the BOP.  Consequently, this Court finds no ambiguity to invoke the Rule of Lenity.

### IV.  CONCLUSION

For the reasons set forth above, this Petition for habeas relief under 28 U.S.C. § 2241, in which Forsberg challenges his categorical exclusion from consideration for early release under

18 U.S.C. § 3621(e), will be denied with prejudice for lack of merit.  An appropriate order follows.

                                              **s/ Jerome B. Simandle**
                                              JEROME B. SIMANDLE
                                              United States District Judge

Dated: **May 11, 2010**